**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2049-17T3

EDWARD G. CAICEDO,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and ROAST ROSTER COFFEE,
MSBS INC.,

     Respondents.

_____

> Submitted January 9, 2019 – Decided February 6, 2019
>
> Before Judges Nugent and Reisner.
>
> On appeal from the Board of Review, Department of Labor, Docket No. 127,409.
>
> Edward Caicedo, appellant pro se.
>
> Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Andy Jong, Deputy Attorney General, on the brief).

Respondent Roast Roster Coffee, MSBS Inc., has not filed a brief.

PER CURIAM

Claimant Edward Caicedo appeals from a December 7, 2017 final decision of the Board of Review (Board), dismissing his administrative appeal. We remand this case to the Board for further proceedings consistent with this opinion.

Claimant's unemployment benefit appeal was denied because he failed to call in for the scheduled telephonic appeal hearing. The multi-page hearing notice was printed in English, except for a brief explanation in Spanish advising claimants to have someone translate the notice for them if they do not speak English. The Appeal Tribunal and the Board both rejected claimant's explanation, that he did not realize that he had to call in to the telephonic hearing, as opposed to the appeals examiner calling him.[1] As a result of the Board's decision denying claimant's appeal on procedural grounds, he will be required to repay approximately $2000 in benefits that he already received.

---

[1] Claimant's administrative appeal – handwritten in Spanish with an English translation – also stated facts that, if true, would constitute a meritorious defense to the denial of benefits.

In its appellate brief, the Board concedes that we should remand this case to the agency for a re-determination as to whether claimant's appeal should be reinstated due to his limited English proficiency. Appellant's brief raises multiple issues concerning the propriety of the agency's action, the need to provide a hearing notice in Spanish, and the asserted untimeliness of the employer's challenge to his eligibility for benefits. We decline to address those issues for the first time on appeal, and conclude those issues should be presented to the Board on remand. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234-35 (1973).

We vacate the Board's December 7, 2017 final decision and remand this case to the Board. On the remand, the Board should determine the procedural issue, that is, whether claimant had a good reason for failing to call in for the previous hearing. However, in light of the amount of time that has elapsed, and to create a complete record for any possible further appeal, we order that the Board also give claimant a hearing on the merits of his administrative appeal. Thus, should there be another appeal to this court, the case will come back to us with the Board's decision as to whether claimant's administrative appeal should have been reinstated and, regardless of the answer to that question, whether his substantive administrative appeal was meritorious. To be clear, if the Board can

3

summarily decide on remand that claimant deserves a new hearing, only the merits need be heard by the appeals examiner. If the Board cannot summarily decide the procedural issue in claimant's favor, then the Board shall submit both issues to an appeals examiner for one hearing addressing both the procedural issue and the merits.

Because claimant avers that he has a very limited proficiency in English, and Legal Services represented him on one of his submissions to the Board, we require that in addition to sending claimant a new Notice of Phone Hearing, the Board must also send a copy of that notice to Legal Services of New Jersey, attention Workers Legal Rights Project.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2049-17T3